UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATSY MARIE ALLEY,  No. 05-11833

Debtor(s).
_____/

Memorandum on Motion for Turnover
_____

The Chapter 7 trustee seeks an order for turnover of a 1994 pickup truck which the debtor failed to schedule despite being named as a joint owner on the registration. She alleges that the truck is the separate property of her husband, despite no proven agreement to that effect.

Under California law, record title is determinative of ownership interest unless interests are otherwise established by sufficient proof. *In re Summers*, 332 F.3d 1240, 1243 (9th Cir. 2003). In this case, the debtor has failed to establish that the truck is separate property and the Trustee has failed to establish the truck is community property.[1] Accordingly, the court finds that the bankruptcy estate owns a one-half interest in the truck. Turnover rights are governed by § 363(h) of the Bankruptcy Code.[2]

An order shall be entered prohibiting the debtor from interfering with the Trustee in his efforts to liquidate the estate's interest in the truck. Counsel for the Trustee shall submit an appropriate form of order.

Dated: February 21, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Vehicles may be registered as community property by following the procedure set forth in California Vehicle Code § 4150.5(b).

[2] The court declines to opine at this time on the consequences of the debtor's failure to schedule her interest in the truck.